**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. POSTAL SERVICE,<br>475 L'Enfant Plaza SW<br>Washington, DC 20260<br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 20-cv-2580<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Postal Service under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.      Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(A)(ii) and is now entitled to judicial action enjoining Defendant from continuing to withhold department or agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5.      Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.      Defendant U.S. Postal Service (USPS) is an agency of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USPS has possession, custody, and control of records that American Oversight seeks.

**STATEMENT OF FACTS**

7.      On July 29, 2020, American Oversight submitted a FOIA request to USPS seeking:

> All calendars or calendar entries for Louis DeJoy including any calendars maintained on behalf of Louis DeJoy, from June 15, 2020 through two weeks after the date the search is conducted.
>
> American Oversight requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars; we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how Mr. DeJoy allocates his time on agency business.
>
> The search would include any calendars associated with his individual email account where he keeps track of official business,

as well as any official calendars maintained for him, including by
his administrative assistant or scheduler.

Exhibit A.

8.      On August 7, 2020, USPS responded to American Oversight's request stating that
there were no responsive "agency records subject to the FOIA." Exhibit B.

9.      USPS's response stated that "the Postmaster General's electronic calendar
maintained on a postal computer was created for his personal use and contains personal and
business appointments, only a few employees have access to the Postmaster General's calendar
for the purpose of determining his availability, and it was not intended to be an official record of
his schedule." *Id*.

10.     The response concluded "the Postmaster General's calendar and calendar entries
are not agency records subject to the FOIA." *Id.*

11.     American Oversight appealed this response on August 14, 2020, arguing that the
Postmaster General's calendar is composed of agency records and that an agency search that
identified no agency records used to track or coordinate the agency head's time on agency
business was inadequate. Exhibit C.

12.     USPS assigned American Oversight's appeal tracking number 2020-APP-00101.

13.     As of the date of this complaint, American Oversight has not received a response
to its appeal.

14.     On information and belief, at least one USPS agency ethics officer uses
Postmaster General DeJoy's calendar to screen for potential conflicts of interest.

15.     On information and belief, at least one USPS agency ethics officer has full access
to Postmaster General DeJoy's calendar.

16.     On August 24, 2020, Postmaster General DeJoy testified to the House of Representatives Committee on Oversight and Reform that he maintained a daily calendar in response to a question from a committee member regarding his busy schedule as Postmaster General.

17.     Postmaster General DeJoy further testified that at least one ethics officer looks at his calendar to screen his meetings for conflicts of interest.

18.     Postmaster General DeJoy also testified that at least one agency ethics officer has full access to his calendar.

19.     On information and belief, Postmaster General DeJoy's immediate predecessor, Postmaster General Megan Brennan, maintained a calendar on postal technological systems that had the capability to send and receive calendar invitations to and from other USPS employees and other individuals.

20.     On information and belief, Postmaster General DeJoy's electronic calendar on a postal computer also has the capability to send and receive calendar invitations to and from other individuals, as was the case for his predecessor and as is commonplace for contemporary electronic calendars.

21.     On information and belief, USPS complies with the Federal Records Act requirements to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of [its] agency," 44 U.S.C. § 3101, and regulations promulgated by the Archivist of the United States under the Act.

*Exhaustion of Administrative Remedies*

22.      As of the filing of this complaint, USPS has not notified American Oversight of a determination with respect to American Oversight's appeal of USPS's response, and American Oversight is entitled to judicial review. 5 U.S.C. § 552(a)(6)(A)(ii).

<u>**COUNT I**</u>
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

23.      Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24.      Plaintiff properly requested records within the possession, custody, and control of Defendant.

25.      Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

26.      Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA request.

27.      Defendant's failure to conduct adequate searches for responsive records violates FOIA.

28.      Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30.     Plaintiff properly requested agency records within the possession, custody, and control of Defendant.

31.     Defendant is an agency subject to FOIA and must therefore release in response to FOIA requests any non-exempt agency records and provide a lawful reason for withholding any materials.

32.     Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA request.

33.     Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA request.

34.     Defendant's failure to provide all non-exempt responsive records violates FOIA.

35.     Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, any and all non-exempt records responsive to American Oversight's FOIA request and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt agency records responsive to American Oversight's FOIA request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: September 15, 2020                                Respectfully submitted,

*/s/ Daniel A. McGrath*
Daniel A. McGrath
D.C. Bar No. 1531723

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-4213
daniel.mcgrath@americanoversight.org

*Counsel for Plaintiff*

# EXHIBIT A



July 29, 2020

**VIA EMAIL**

Jane Eyre
Deputy Chief FOIA Officer
Privacy & Records Management Office
U.S. Postal Service
475 L'Enfant Plaza SW, RM 1P830
Washington, DC 20260
FOIA12@usps.gov

**Re: Freedom of Information Act Request**

Dear Ms. Eyre:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of your agency, American Oversight makes the following request for records.

On May 6, 2020, the Postal Board of Governors of the United States Postal Service (USPS) announced the selection of Louis DeJoy to be Postmaster General.[1] Prior to his appointment, Mr. DeJoy was the "the lead fundraiser for the 2020 Republican National Convention in Charlotte."[2] Some have raised concerns about Mr. DeJoy's partisan history.[3]

---

[1] United States Postal Service, *Board of Governors Announces Selection of Louis DeJoy to Serve as Nation's 75th Postmaster General,* May 6, 2020, https://about.usps.com/newsroom/national-releases/2020/0506-bog-announces-selection-of-louis-dejoy-to-serve-as-nations-75th-postmaster-general.htm.

[2] Daniel Finnegan, *Lead Fundraiser for Charlotte RNC Named Postmaster General. He Starts in June.*, Triad Business Journal (May 7, 2020, 11:01 AM), https://www.bizjournals.com/charlotte/news/2020/05/07/lead-fundraiser-for-charlotte-rnc-named-postmaster.html.

[3] Jacob Bogage, *Trump Ally Takes Over Crisis-Ridden Postal Service As Top Senate Democrat Demands Inquiry on Hiring,* Wash. Post (June 15, 2020, 7:00 AM), https://www.washingtonpost.com/business/2020/06/15/trump-postal-service-dejoy/; Donald K. Sherman, *Trump's New Postmaster General Could Corrupt a Key Institution Ahead of Election Day,* NBC Opinion (July 19, 2020, 7:38 AM), https://www.nbcnews.com/think/opinion/trump-s-2020-usps-appointment-could-corrupt-key-institution-ahead-ncna1234125.

---

 1030 15th Street NW, Suite B255, Washington, DC 20005  |  AmericanOversight.org

American Oversight seeks records with the potential to shed light on Mr. DeJoy's activities as Postmaster General.

**Requested Records**

American Oversight requests that USPS produce the following records within twenty business days:

> All calendars or calendar entries for Louis DeJoy including any calendars maintained on behalf of Louis DeJoy, from June 15, 2020 through two weeks after the date the search is conducted.

> American Oversight requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars; we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—used to track or coordinate how Mr. DeJoy allocates his time on agency business.

> The search would include any calendars associated with his individual email account where he keeps track of official business, as well as any official calendars maintained for him, including by his administrative assistant or scheduler.

**Fee Waiver Request**

In accordance with 5 U.S.C. § 552(a)(4)(A)(iii) and your agency's regulations, American Oversight requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes.

American Oversight requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding of operations or activities of the government."[4] The public has a significant interest in understanding the priorities of and influences on USPS's Postmaster General, especially in light of the increased interest in voting by mail.[5] Records with the potential to shed light on this matter would contribute significantly to public understanding of operations of the federal government, including which actors play a role in handling postal policy.

---

[4] 5 U.S.C. § 552(a)(4)(A)(iii).

[5] *See, e.g.*, Nick Corasaniti and Michael Wines, *Beyond Georgia: A Warning for November as States Scramble to Expand Vote-By-Mail*, N.Y. Times, June 10, 2020, https://www.nytimes.com/2020/06/10/us/politics/voting-by-mail-georgia.html.

USPS-20-1919

American Oversight is committed to transparency and makes the responses agencies provide to FOIA requests publicly available, and the public's understanding of the government's activities would be enhanced through American Oversight's analysis and publication of these records.

This request is primarily and fundamentally for non-commercial purposes.[6] As a 501(c)(3) nonprofit, American Oversight does not have a commercial purpose and the release of the information requested is not in American Oversight's financial interest. American Oversight's mission is to promote transparency in government, to educate the public about government activities, and to ensure the accountability of government officials. American Oversight uses the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. American Oversight also makes materials it gathers available on its public website and promotes their availability on social media platforms, such as Facebook and Twitter.[7]

American Oversight has also demonstrated its commitment to the public disclosure of documents and creation of editorial content through regular substantive analyses posted to its website.[8] Examples reflecting this commitment to the public disclosure of documents and the creation of editorial content include the posting of records related to the Trump Administration's contacts with Ukraine and analyses of those contacts;[9] posting records and editorial content about the federal government's response to the Coronavirus pandemic;[10] posting records received as part of American Oversight's "Audit the Wall" project to gather and analyze information related to the administration's proposed construction of a barrier along the U.S.-Mexico border, and analyses of what those records reveal;[11] the posting of records related to an ethics waiver received by a

---

[6] *See* 5 U.S.C. § 552(a)(4)(A)(iii).

[7] American Oversight currently has approximately 15,600 page likes on Facebook and 104,300 followers on Twitter. American Oversight, Facebook, https://www.facebook.com/weareoversight/ (last visited July 28, 2020); American Oversight (@weareoversight), Twitter, https://twitter.com/weareoversight (last visited July 28, 2020).

[8] *See generally News*, American Oversight, https://www.americanoversight.org/blog.

[9] *Trump Administration's Contacts with Ukraine*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-contacts-with-ukraine.

[10] *See generally The Trump Administration's Response to Coronavirus*, American Oversight, https://www.americanoversight.org/investigation/the-trump-administrations-response-to-coronavirus; *see, e.g., CDC Calendars from 2018 and 2019: Pandemic-Related Briefings and Meetings*, American Oversight, https://www.americanoversight.org/cdc-calendars-from-2018-and-2019-pandemic-related-briefings-and-meetings.

[11] *See generally Audit the Wall*, American Oversight, https://www.americanoversight.org/investigation/audit-the-wall; *see, e.g., Border Wall Investigation Report: No Plans, No Funding, No Timeline, No Wall*, American Oversight,

USPS-20-1919

senior Department of Justice attorney and an analysis of what those records demonstrated regarding the Department's process for issuing such waivers;[12] and posting records and analysis of federal officials' use of taxpayer dollars to charter private aircraft or use government planes for unofficial business.[13]

Accordingly, American Oversight qualifies for a fee waiver.

**Guidance Regarding the Search & Processing of Requested Records**

In connection with its request for records, American Oversight provides the following guidance regarding the scope of the records sought and the search and processing of records:

- Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics. For instance, if the request seeks "communications," please search all locations likely to contain communications, including relevant hard-copy files, correspondence files, appropriate locations on hard drives and shared drives, emails, text messages or other direct messaging systems (such as iMessage, WhatsApp, Signal, or Twitter direct messages), voicemail messages, instant messaging systems such as Lync or ICQ, and shared messages systems such as Slack.

- Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

- Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text messages. Records of official business conducted

---

https://www.americanoversight.org/border-wall-investigation-report-no-plans-no-funding-no-timeline-no-wall.

[12] *DOJ Records Relating to Solicitor General Noel Francisco's Recusal*, American Oversight, https://www.americanoversight.org/document/doj-civil-division-response-noel-francisco-compliance; *Francisco & the Travel Ban: What We Learned from the DOJ Documents*, American Oversight, https://www.americanoversight.org/francisco-the-travel-ban-what-we-learned-from-the-doj-documents.

[13] *See generally Swamp Airlines: Chartered Jets at Taxpayer Expense*, American Oversight, https://www.americanoversight.org/investigation/swamp-airlines-private-jets-taxpayer-expense; *see, e.g.*, *New Information on Pompeo's 2017 Trips to His Home State*, American Oversight, https://www.americanoversight.org/new-information-on-pompeos-2017-trips-to-his-home-state.

USPS-20-1919

using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.[14] It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; American Oversight has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[15]

- Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-wide requirements to manage agency information electronically,[16] and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

- In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for release.

- Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

---

[14] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, 827 F.3d 145, 149–50 (D.C. Cir. 2016); *cf. Judicial Watch, Inc. v. Kerry*, 844 F.3d 952, 955–56 (D.C. Cir. 2016).

[15] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016).

[16] Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

USPS-20-1919

**Conclusion**

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to American Oversight, please do not hesitate to contact American Oversight to discuss this request. American Oversight welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, American Oversight and your agency can decrease the likelihood of costly and time-consuming litigation in the future.

Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to American Oversight, 1030 15th Street NW, Suite B255, Washington, DC 20005. If it will accelerate release of responsive records to American Oversight, please also provide responsive material on a rolling basis.

We share a common mission to promote transparency in government. American Oversight looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Megan Field at foia@americanoversight.org or (202) 897-2465. Also, if American Oversight's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

Austin R. Evers
Executive Director
American Oversight

USPS-20-1919

# EXHIBIT B


**UNITED STATES**
**POSTAL SERVICE**

August 7, 2020

VIA ELECTRONIC MAIL: foia@americanoversight.org

Mr. Austin Evers
American Oversight
1030 15th Street NW, Suite B255
Washington, D.C. 20005-1503

RE: Freedom of Information Act Request for Records – Case No. 2020-FPRO-01553

Dear Mr. Evers:

This responds to your Freedom of Information Act (FOIA) request dated July 29, 2020 in which you seek access to Postal Service records concerning:

> All calendars or calendar entries for Louis DeJoy including any calendars maintained on behalf of Louis DeJoy, from June 15, 2020 through two weeks after the date the search is conducted.

The FOIA affords requesters access to "agency records." Agency records are records that are either created or obtained by an agency and under agency control at the time of the FOIA request. Agency records do not include personal records or records that are in the possession of the Postal Service but over which the Postal Service does not exercise control. See 39 C.F.R. § 265.1(b)(1). A court found that the chairman's electronic calendar maintained on an agency computer was not an agency record because it was created for the chairman's personal use and included personal and business appointments, only a few employees had access to it for the purpose of determining the chairman's availability, and it was not intended to be an official record of the chairman's schedule. Bloomberg, L.P. v. U.S. Sec. & Exch. Comm'n, 357 F.Supp.2d 156 (D.D.C. 2004). Here, the Postmaster General's electronic calendar maintained on a postal computer was created for his personal use and contains personal and business appointments, only a few employees have access to the Postmaster General's calendar for the purpose of determining his availability, and it was not intended to be an official record of his schedule. Therefore, the Postmaster General's calendar and calendar entries are not agency records subject to the FOIA.

If you are not satisfied with the response to this request, you may file an administrative appeal within 90 days of the date of this response letter by writing to the General Counsel, U.S. Postal Service, 475 L'Enfant Plaza SW, Washington, DC 20260 or via email at FOIAAppeal@usps.gov. Your appeal must be postmarked or electronically transmitted within 90 days of the date of the response to your request. The letter of appeal should include, as applicable:

    (1) A copy of the request, of any notification of denial or other action, and of any other related correspondence;
    (2) The FOIA tracking number assigned to the request;
    (3) A statement of the action, or failure to act, from which the appeal is taken;
    (4) A statement identifying the specific redactions to responsive records that the requester is challenging;
    (5) A statement of the relief sought; and
    (6) A statement of the reasons why the requester believes the action or failure to act is erroneous.

For further assistance and to discuss any aspect of your request, you may contact the undersigned or FOIA Public Liaison listed below:

    PRIVACY AND RECORDS MANAGEMENT OFFICE
    U.S. POSTAL SERVICE
    475 L'ENFANT PLAZA SW RM 1P830
    WASHINGTON, DC 20260-1101
    Phone: (202) 268-2608 Fax: (202) 268-5353

    FOIA Public Liaison:
    Name:  Nancy Chavannes-Battle
    Phone: (202) 268-2608

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

*Emily Saunders*

Emily Saunders
Executive Administrator to the Postmaster General

# EXHIBIT C



August 14, 2020

**VIA EMAIL**

General Counsel
U.S. Postal Service
475 L'Enfant Plaza SW
Washington, DC 20260
FOIAAppeal@usps.gov

**Re: Freedom of Information Act Request Appeal - FOIA Case No. 2020-FPRO-01553**

Dear Appeals Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and United States Postal Service (USPS) regulations, 39 C.F.R. § 265, American Oversight submits the following administrative appeal.

On July 29, 2020 American Oversight submitted a FOIA request to USPS seeking the following:

> All calendars or calendar entries for Louis DeJoy including any calendars maintained on behalf of Louis DeJoy, from June 15, 2020 through two weeks after the date the search is conducted.
>
> American Oversight requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to Outlook calendars; we request the production of any calendar—paper or electronic, whether on government-issued or personal devices—**used to track or coordinate how Mr. DeJoy allocates his time on agency business**.
>
> The search would include any calendars associated with his individual email account **where he keeps track of official business**, as well as any official calendars maintained for him, including by his administrative assistant or scheduler.

Ex. A (emphasis added).

On August 7, 2020, USPS responded to American Oversight's request asserting that the Postmaster General's calendar and calendar entries were not "agency records" subject to FOIA, stating that his "electronic calendar maintained on a postal computer," which "contains personal and business appointments," and which "only a few employees have access to," was "created for his personal use." Ex. B.

American Oversight appeals this response.

**Preservation Hold**



American Oversight strongly disagrees with USPS's determination that it has calendar files for the Postmaster General that do not qualify as agency records, and American Oversight is willing to pursue all legal avenues, including potential litigation, to ensure public access to these public records of significant import.

USPS, and its agency head and employees, are consequently on notice that litigation is reasonably foreseeable, and should institute a preservation hold to ensure that relevant documents—here Postmaster DeJoy's calendars on postal systems and devices, and any calendars on private devices that have information related to USPS business—are preserved and not deleted.

**Inadequate Administrative Determination**

As an initial matter, USPS's response constitutes an inadequate administrative determination. USPS supports its assertion that the requested records are not agency records merely by, essentially, asserting the facts in a district court case are the same as the facts applicable to this request. USPS does not identify who the "few employees" are who do access Postmaster DeJoy's calendar or describe how appointments with the head of this large federal agency are maintained without any integrated calendar system. Despite the paucity of factual information provided, American Oversight appeals on the basis of the facts available to it but reserves its right to raise additional arguments on the basis of an adequate factual record.

**It is Implausible that There Are No Agency Records Tracking or Allocating Postmaster General DeJoy's Time on Agency Business**

American Oversight requested calendars and calendar entries maintained by or for Postmaster DeJoy and specified that its request sought all records "used to track or coordinate how Mr. DeJoy allocates his time on agency business." Ex. A. Incredibly, USPS has responded that there are no responsive agency records, asserting that Postmaster DeJoy maintains only a calendar for "personal use," and which is not intended to be an "official record of his schedule." Ex. B. This response is deficient on several counts.

First, the Federal Records Act requires agency heads, like Postmaster DeJoy, to "*make* and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of [their] agency." 44 U.S.C. § 3101 (emphasis added). Moreover, regulations promulgated by the Archivist of the United States specifically require that, to meet these obligations, agencies must ensure the "*creation* and maintenance of records that: ... Document the persons, places, things, or matters dealt with by the agency ... [and] Make possible a proper scrutiny by the Congress or other duly authorized agencies of the Government ... [and] Document important board, committee, or staff meetings." 36 C.F.R. § 1222.22.

Despite these mandates, USPS's response to American Oversight's request maintains that Postmaster DeJoy has no official calendar whatsoever, and identifies no agency records "used to track or coordinate how Mr. DeJoy allocates his time on agency business." *See* Exs. A & B. Instead, USPS asserts that the Postmaster General only has a calendar for "personal use." Ex. B. To the extent that this assertion were true, it would be clear evidence that head of USPS is wantonly violating the Federal Records Act by failing to "make and preserve records" of important agency business—namely, the schedule, meetings, priorities, and actions of the agency's highest-ranking official. *See* 44 U.S.C. § 3101.

USPS-20-1919

Second, the assertion that Postmaster DeJoy has only a calendar for "personal use," that is viewed and used only by a "few" agency employees is also simply factually implausible. Postmaster DeJoy heads a massive federal agency with an annual budget of over $70 billion and responsibility for critical public functions. It is beyond reasonable belief that there are no agency records available to communicate and manage the complex schedule and responsibilities of an agency head charged with such a herculean task. Common sense dictates that USPS's no records response constitutes a clear "positive indication[] of overlooked materials" demonstrating the inadequacy of its search. *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (citations omitted).

Perhaps as a practical matter, Postmaster DeJoy's meetings, appointments, and schedule are maintained on the calendar of an assistant or secretary. If that is the case, *those files are responsive* to American Oversight's request and should be processed and produced. American Oversight clearly requested calendars maintained by "or on behalf of" Postmaster DeJoy and "any calendar [] used to track or coordinate how Mr. DeJoy allocates his time on agency business" without limitation to which individual had actual custody of the records. Ex. A.

Further, the calendar maintained by Postmaster DeJoy "on a postal computer" containing "personal and business appointments," and accessed by employees "for the purpose of determining his availability," Ex. B., is an agency record subject to production under the FOIA (particularly if, as USPS's response suggests, this is the only record "used to track or coordinate how Mr. DeJoy allocates his time on agency business"). This is particularly true given that Postmaster DeJoy has put this calendar on an agency computer and where agency officials rely on it to determine his availability. *Tax Analysts v. U.S. Department of Justice*, 845 F.2d 1060, 1069 (D.C.Cir.1988).

## Conclusion

American Oversight appeals the USPS's response to its FOIA request. Accordingly, American Oversight requests that USPS (1) conduct a search reasonably calculated to uncover all responsive records, (2) review each responsive document and produce any and all nonexempt responsive records, or nonexempt portions of responsive records, and (3) justify the withholding of any responsive records, or portions thereof, under the claim of exemption.

Thank you for your consideration of this appeal. As provided in 5 U.S.C. § 552(a)(6)(A)(ii), we look forward to your determination on our appeal within twenty working days. For questions regarding any part of this appeal or the underlying request for records, please contact Megan Field at foia@americanoversight.org or 202.897.2465.

Sincerely,

Austin R. Evers
Executive Director
American Oversight

Attachments:
1. Exhibit A - American Oversight's FOIA Request
2. Exhibit B - USPS's August 7, 2020 Response

USPS-20-1919